**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| **RAMONA LUM ROCHELEAU,**<br><br>Plaintiff,<br><br>vs.<br><br>**MICROSEMI CORPORATION,**<br><br>Defendant. | **Case No.: SACV 13-01774-CJC(JPRx)**<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## I. INTRODUCTION

In this action, Plaintiff Ramona Lum Rocheleau alleges that Defendant Microsemi Corporation ("Microsemi") improperly classified her as an independent contractor rather than an employee during the time she provided services to Microsemi between 2006 and 2010. Ms. Rocheleau served as a recruiter for Microsemi's human resources department under a series of written contracts entitled "Independent Contractor Agreement." Ms.

-1-

Rocheleau brings claims under California's wage-and-hour laws to recover unpaid wages and other benefits as well as claims for retaliation, termination in violation of public policy, breach of contract, and related causes of action. (See Dkt. No. 7 [First Am. Compl. ("FAC")].) Before the Court is Microsemi's motion for partial summary judgment as to the second, third, fourth, fifth, seventh, eighth, and ninth causes of action in the FAC. (Dkt. No. 14 ["Mot. Summ. J."].) Microsemi contends that the issue of Ms. Rocheleau's employment status was fully litigated before the California Labor Commissioner resulting in a final order that found she was properly classified an independent contractor, and that this determination is binding on the present action. For the following reasons, Microsemi's motion is GRANTED IN PART.

## II. BACKGROUND

From June 2006 until February 2010, Ms. Rocheleau rendered recruiter services to Microsemi under four written Independent Contractor Agreements. (Dkt. No. 17, Def.'s Statement of Uncontroverted Facts; Dkt. No. 21-3, Pl.'s Response to Def.'s Statement of Uncontroverted Facts [together, "SUF"] 1.)[1] In March 2010, after she was no longer receiving assignments from Microsemi, Ms. Rocheleau filed a complaint with the California Labor Commissioner asserting that Microsemi misclassified her as an independent contractor and she was consequently due unpaid regular and overtime wages, meal and rest break premiums, vacation pay, sick leave, paid time off, waiting time penalties, reimbursable business expenses, and attorneys' fees, in the total amount of $189,366.16. (SUF 2.) Over the course of two days in August and September 2011, an adversary hearing was held before Hearing Officer Michael Jackman of the Division of Labor Standards Enforcement ("DLSE"). (SUF 3.) Both parties were represented by

---

[1] Unless otherwise indicated, "SUF" references or references to other evidence submitted by the parties refer to facts that are not substantively disputed.

1  counsel and were given the opportunity to subpoena documents and witnesses for the
2  hearing. (SUF 4, 6.)[2] At the hearing, the parties through their counsel submitted
3  evidentiary exhibits, put on witnesses, and presented written and oral argument. (SUF 7–
4  8.) The proceedings were captured on an audio recorder and the recordings were made
5  available to the parties.[3] (SUF 9.) The Hearing Officer issued a decision finding in favor
6  of Microsemi and against Ms. Rocheleau. (Dkt. No. 15-2 ["May Decl."] Exh. B (Order,
7  Decision or Award of the Labor Commissioner ["DLSE Order"].) The Order's findings
8  of fact stated that Ms. Rocheleau operated her own employee recruiting business under
9  the registered fictitious business name "Employer Advise Services," and offered her
10 services to Microsemi. (*Id.* at 3, 6.) The Hearing Officer also found that Ms. Rocheleau
11 entered into written "Independent Contractor Agreements" with Microsemi, and executed
12 at least two IRS Form W-9's. (*Id.*) She invoiced Microsemi for her services, billing by
13 the hour. (*Id.*) The Hearing Officer found that the amount of control Microsemi
14 exercised over Ms. Rocheleau "did not rise to the level set forth in statute or case law to
15 properly be considered employment." (*Id.* at 5.) Particularly telling, according to the
16 DSLE Order, was the fact that Microsemi requested on several occasions that Ms.
17 Rocheleau attend meetings at its offices and she unilaterally decided not to do so, with no
18 adverse action by Microsemi. (*Id.*) Also, apart from one instance in which Microsemi
19 provided Ms. Rocheleau with some paper and printer toner, "the tools and
20 instrumentalities Ms. Rocheleau used in her work were provided and maintained by her."
21 (*Id.*) The DSLE found that the "great weight" of the evidence established that Ms.

---

[2] Ms. Rocheleau contests the adequacy of her subpoena power in the proceeding, asserting that the Hearing Officer overruled her written objection to the introduction of documents subpoenaed by Microsemi and refused to enforce one of her subpoenas. The only evidence offered by Ms. Rocheleau, however, is one page of the transcript of the hearing held in August, in which her counsel asked if Microsemi's counsel brought records and he replied that he never received a subpoena. It is unknown from the evidence what the Hearing Officer did to enforce the subpoena and whether the records were ever in fact produced.

[3] Although Ms. Rocheleau requested and was given three audio CDs of the hearing, she contends that the fourth CD she received was incorrect and she did not receive some unspecified portion of the audio recordings from her hearing. (*See* SUF 9.)

Rocheleau was an independent contractor, not a Microsemi employee. (*Id.* at 6.)

The first page of the DSLE Order states "[t]he parties herein are notified and advised that this Order, Decision or Award of the Labor Commissioner shall become final and enforceable as a judgment in a court of law unless either or both parties exercise their right to appeal to the appropriate court within ten (10) days of services of this document." (*Id.*, Cover Sheet.) The Order explains that the "appropriate court" is the Orange County Superior Court located at the Central Justice Center, 700 Civic Center Drive West, Santa Ana, California. (*Id.*) Ms. Rocheleau did not appeal the DSLE Order. (SUF 13.)

Ms. Rocheleau filed the operative FAC in this action on February 17, 2014, asserting nine causes of action: (1) retaliation in violation of the Sarbanes-Oxley Act, (2) wrongful termination in violation of public policy, (3) failure to pay wages owed under California Labor Code sections 201, 203, and 226, (4) failure to indemnify in violation of California Labor Code sections 2800 and 2802, (5) "misclassification," (6) "conversion and theft of labor,"[4] (7) retaliation in violation of California Labor Code section 1102.5, (8) breach of contract, and (9) breach of the covenant of good faith and fair dealing. (FAC)

## III. LEGAL STANDARD

The Court may grant summary judgment on "each claim or defense — or the part of each claim or defense — on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment is proper where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any

---

[4] This cause of action has been voluntarily dismissed. (Dkt. No. 13.)

material fact and the movant is entitled to judgment as a matter of law." *Id.*; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 325. A factual issue is "genuine" when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" when its resolution might affect the outcome of the suit under the governing law, and is determined by looking to the substantive law. *Id.* "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 249.

Where the movant will bear the burden of proof on an issue at trial, the movant "must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). In contrast, where the non-movant will have the burden of proof on an issue at trial, the moving party may discharge its burden of production by either (1) negating an essential element of the opposing party's claim or defense, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–60 (1970), or (2) showing that there is an absence of evidence to support the non-moving party's case, *Celotex*, 477 U.S. at 325. Once this burden is met, the party resisting the motion must set forth, by affidavit or as otherwise provided under Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. A party opposing summary judgment must support its assertion that a material fact is genuinely disputed by (i) citing to materials in the record, (ii) showing the moving party's materials are inadequate to establish an absence of genuine dispute, or (iii) showing that the moving party lacks admissible evidence to support its factual position. Fed. R. Civ. P. 56(c)(1)(A)–(B). The opposing party may also object to the material cited by the movant on the basis that it "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). But the opposing party must show more than the "mere existence of a scintilla of evidence"; rather, "there must be evidence on which the

jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252.

In considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.*; *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). The court does not make credibility determinations, nor does it weigh conflicting evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992). But conclusory and speculative testimony in affidavits and moving papers is insufficient to raise triable issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c).

## IV. ANALYSIS

Microsemi contends that the DSLE Order bars Ms. Rocheleau from re-litigating the issue of whether she was an employee or independent contractor during the time she provided services to Microsemi. The requirements for collateral estoppel in California are: (1) "the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding"; (2) "this issue must have been actually litigated in the former proceeding"; (3) "it must have been necessarily decided in the former proceeding"; (4) "the decision in the former proceeding must be final and on the merits"; and (5) "the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." *Pac. Lumber Co. v. State Water Res. Control Bd.*, 37 Cal. 4th 921, 943 (2006). Decisions of state administrative proceedings are entitled to collateral estoppel effect " '[w]hen an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate.' " *Plaine v. McCabe*, 797 F.2d 713, 718 (9th Cir. 1986) (quoting *United States v. Utah Const. & Min. Co.*, 384 U.S. 394, 422

(1966)). Even if the state administrative decision was not reviewed by a state court, it still has binding, preclusive effect so long as the party had the opportunity to obtain state court review. *Murray v. Alaska Airlines, Inc.*, 50 Cal. 4th 860, 867–68 (2010); *Plaine*, 797 F.2d at 719 n.12 ("If an adequate opportunity for review is available, a losing party cannot obstruct the preclusive use of the state administrative decision simply by foregoing her right to appeal.").

Federal courts looks to the law of the state to determine whether the administrative agency was acting in a judicial or quasi-judicial capacity and whether the courts of the state would give the agency decision preclusive effect. *Plaine*, 797 F.2d. at 720. In California, "[i]ndicia of [administrative] proceedings undertaken in a judicial capacity include a hearing before an impartial decision maker; testimony given under oath or affirmation; a party's ability to subpoena, call, examine, and cross-examine witnesses, to introduce documentary evidence, and to make oral and written argument; the taking of a record of the proceeding; and a written statement of reasons for the decision." *Murray*, 50 Cal. 4th at 867–68 (quoting *Pac. Lumber Co.*, 37 Cal. 4th at 944).

The parties do not dispute that the issue regarding Ms. Rocheleau's employment status was identical in the DSLE hearing, that it was actually litigated and necessarily decided,[5] and that it resulted in a final decision on the merits. Therefore, the DSLE Order is entitled to collateral estoppel effect if the hearing was "undertaken in a judicial capacity." *Murray*, 50 Cal. 4th at 868. The Court finds that it was. The hearing was held before an impartial Hearing Officer from the DSLE designated by the Labor Commissioner, testimony was given under oath, the parties were able to, and did, issue subpoenas, introduce documentary evidence, cross-examine witnesses, and make oral and written arguments. Moreover, a record of the proceeding was taken by way of the audio

---

[5] To the extent that Ms. Rocheleau disputes whether this issue was "actually litigated," her contentions are addressed below.

recording, and the Hearing Officer issued a written statement of reasons for the decision. Contrary to Ms. Rocheleau's argument, her dispute with the Hearing Officer's decision to not quash certain of Microsemi's subpoenas and her contention that she was not given the entire audio recording of the proceeding do not deprive the hearing of its judicial nature. The Court concludes that the Hearing Officer acted in a judicial capacity and resolved disputed issues of fact properly before it which the parties had an adequate opportunity to litigate. Ms. Rocheleau had the right to obtain *de novo* review of the DSLE Order in Superior Court. *See* Cal. Labor Code § 98.2 ("Within 10 days after service of notice of an order, decision, or award [of the Labor Commissioner] the parties may seek review by filing an appeal to the superior court, where the appeal shall be heard de novo."). She was notified that failure to do so would make the DSLE Order "final and enforceable as a judgment in a court of law." But she failed to exercise her right to appeal, and the Order became final. The DSLE Order is therefore entitled to collateral estoppel effect. *See Murray*, 50 Cal. 4th at 877 (U.S. Secretary of Labor investigation findings following plaintiff's whistleblower retaliation complaint, which he did not appeal, rose to the level of a judicial proceeding entitled to preclusive effect).

Given the Court's finding that Ms. Rocheleau is precluded from re-litigating DSLE's determination that she provided services to Microsemi as an independent contractor, Microsemi is entitled to summary judgment on Ms. Rocheleau's second, third, fourth, fifth, and seventh causes of action.

Ms. Rocheleau's second cause of action alleges wrongful termination in violation of public policy under *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (1980). A *Tameny* claim, however, may only be brought by an employee, not an independent contractor. *Sistare-Meyer v. Young Men's Christian Ass'n*, 58 Cal. App. 4th 10, 16–17 (1997); *Varisco v. Gateway Sci. & Eng'g, Inc.*, 166 Cal. App. 4th 1099, 1102 (2008). Microsemi is thus entitled to summary judgment on Ms. Rocheleau's second cause of

action.

Ms. Rocheleau's third cause of action asserts claims under California wage-and-hour laws, Labor Code sections 201, 203, and 226. These provisions apply only to employees, not independent contractors. *See Zaremba v. Miller*, 113 Cal. App. 3d Supp. 1, 4, (App. Dep't Super. Ct. 1980). Microsemi is entitled to summary judgment on the third cause of action.

Ms. Rocheleau's fourth cause of action seeks indemnity for employment expenses under California Labor Code sections 2800 and 2802. Sections 2800 and 2802 by their terms apply only to "employees." Ms. Rocheleau has provided no authority to support extending the statutes to independent contractors. Summary judgment on her fourth cause of action is therefore appropriate.

In Ms. Rocheleau's fifth cause of action, which she labels "Misclassification," she contends that she was misclassified as an independent contractor and seeks to recover payroll taxes, unpaid employee benefits, and the like. This claim is directly precluded by the DSLE's findings in the administrative proceeding. Microsemi is entitled to summary judgment on Ms. Rocheleau's fifth cause of action.

Ms. Rocheleau's seventh cause of action, which alleges retaliation in violation of California Labor Code section 1102.5, is also limited to employees. *See Vierria v. Cal. Highway Patrol*, 644 F. Supp. 2d 1219, 1244 (E.D. Cal. 2009) ("[A]lleged violations under Section 1102.5 are predicated upon an employer/employee relationship."). Microsemi is entitled to summary judgment on the seventh cause of action as well.

Ms. Rocheleau's eighth cause of action for breach of contract, however, is not dependent on a finding of employee status. Ms. Rocheleau alleges that Microsemi

breached the Independent Contractor Agreements by, among other things, failing to pay amounts owed under the agreements and failing to comply with provisions for termination of the agreements. (*See* FAC ¶¶ 130–31.) To the extent Ms. Rocheleau's breach of contract claim is not predicated on her employment status, Microsemi has not shown that it is entitled to summary judgment on that cause of action.

Similarly, Ms. Rocheleau's ninth cause of action for breach of the implied covenant of good faith and fair dealing arises from the parties' contractual relationship, not her purported status as an employee. Microsemi is not entitled to summary judgment on Ms. Rocheleau's ninth cause of action.

## V. CONCLUSION

For the foregoing reasons, Microsemi's motion for partial summary judgment is GRANTED IN PART. Microsemi is entitled to summary judgment on Ms. Rocheleau's second, third, fourth, fifth, and seventh causes of action.

DATED: June 30, 2014

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE