**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

|  |  |
|---|---|
| **RAMONA LUM ROCHELEAU,**<br><br>          **Plaintiff,**<br><br>     **v.**<br><br>**MICROSEMI CORPORATION, INC.,**<br><br>          **Defendant.** | **Case No.: SACV 13-01774-CJC(JPRx)**<br><br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES** |

## I. INTRODUCTION & BACKGROUND

On November 8, 2013, Plaintiff Ramona Lum Rocheleau filed a complaint against Defendant Microsemi Corporation ("Microsemi") before this Court seeking, *inter alia*, to recover unpaid wages and other benefits based on her alleged misclassification as an

independent contractor rather than an employee.  (Dkt. No. 1.)  Prior to initiating this action, Ms. Rocheleau had filed a complaint with the California Labor Commissioner in March 2010, raising the identical issue of her employment status.  (Dkt. No. 21-3, Pl.'s Response to Def.'s SUF ISO Def.'s MSJ ["SUF"] 2.)  The Hearing Officer of the Division of Labor Standards Enforcement ultimately rendered a decision in favor of Microsemi ("DLSE Order"), which Ms. Rocheleau did not appeal.  (SUF 11, 13.)

On June 30, 2014, the Court granted Microsemi's first motion for partial summary judgment on Ms. Rocheleau's employment status-based claims, finding that the DLSE Order had a preclusive effect on the issue of whether Ms. Rocheleau had been properly classified as an independent contractor ("June 30 Order").  (Dkt. No. 26 [June 30 Order].)  The remaining claims in the action were disposed of in a subsequent Order granting partial summary judgment for Microsemi on June 26, 2015.  (Dkt. No. 64.)  Before the Court is Microsemi's motion for an award of attorneys' fees against Ms. Rocheleau pursuant to California Labor Code section 218.5.  (Dkt. No. 67 ["Def.'s Mot."].)  For the following reasons, the Court DENIES the motion.[1]

## II.  ANALYSIS

Microsemi moves for attorneys' fees under section 218.5, which provides in relevant part,

> In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action.  However, if the prevailing party in the court

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for August 10, 2015 at 1:30 p.m. is hereby vacated and off calendar.

action is not an employee, attorney's fees and costs shall be awarded pursuant to this section only if the court finds that the employee brought the court action in bad faith.

Cal. Lab. Code § 218.5(a).

As the prevailing party, Microsemi, a non-employee, is entitled to attorneys' fees only upon a showing that Ms. Rocheleau brought this action in bad faith. In support of its motion, Microsemi argues that Ms. Rocheleau acted in bad faith by bringing the identical, employment misclassification-based claims in federal court after they had already been adjudicated by the Hearing Officer. (Def.'s Mot.) Microsemi points out that Ms. Rocheleau failed to appeal the DLSE Order, despite having received clear notice that such failure would render the decision a final and enforceable judgment. (*Id.* at 5.) Given these facts, Microsemi contends that Ms. Rocheleau sought a "second bite at the apple by refiling the same wage and benefit claims the Labor Commission had rejected," thus evincing bad faith. (*Id.* at 7.)

Although Ms. Rocheleau was ultimately unsuccessful in pursuing her claims, the Court does not find that her prosecution of this case was in bad faith. Administrative decisions are not automatically given preclusive effect; rather, collateral estoppel applies under California law only if a five-part test is satisfied. *Pac. Lumber Co. v. State Water Res. Control Bd.*, 37 Cal. 4th 921, 943 (2006). Additionally, decisions of state administrative proceedings are entitled to collateral estoppel only upon a finding that the agency acted in a judicial capacity and resolved disputed issues of fact properly before it which the parties had an adequate opportunity to litigate. *Plaine v. McCabe*, 797 F.2d 713, 718 (9th Cir. 1986). In opposing Microsemi's first motion for partial summary judgment, Ms. Rocheleau raised many challenges as to why collateral estoppel did not apply to the DSLE Order. For example, she argued that she did not have an adequate opportunity to present evidence before the agency, pointing to the Hearing Officer's

decision not to enforce certain subpoenas, and that the administrative proceeding was not judicial in nature, as evidenced by the lack of a full recording of the hearing. (Dkt. No. 69 ["Pl.'s Opp'n"].) Nor does the mere fact that Ms. Rocheleau failed to appeal the DSLE Order prove bad faith. The Court therefore finds that Ms. Rocheleau did not act in bad faith by bringing these claims and litigating whether the DLSE Order was entitled to preclusive effect.[2]

## III. CONCLUSION

Accordingly, Microsemi's motion for attorneys' fees is DENIED.

DATED:     August 3, 2015

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[2] In the opposition, Ms. Rocheleau purports to seek sanctions against Microsemi and/or Microesmi's counsel, and in so doing, fails to adhere to the Local Rules governing the proper filings of motions. (*See* Pl.'s Opp'n at 15.) In addition to these procedural defects, any request for sanctions is substantively void, as the allegations concerning Microsemi and its counsel's conduct fall far short of meeting the Rule 11 standard for sanctions.